IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOYCE BIRCH, | § | |
|     Plaintiff | § | |
| | § | |
| V. | § | Civil Action No. 5:15-cv-448 |
| | § | |
| STILLWATER INSURANCE COMPANY | § | |
| AND JIMMIE POSPISIL, | § | |
|     Defendants. | § | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Stillwater Insurance Company ("Stillwater") and Jimmie Pospisil (collectively, the "Defendants") file this Notice of Removal, pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and would respectfully show the Court as follows:

**I. INTRODUCTION**

1.  On April 28, 2015, plaintiff Joyce Birch sued Stillwater and Pospisil in the 73rd Judicial District Court of Bexar County, Texas, bearing Cause No. 2015CI06955 (the "State Court Action").[1]  Plaintiff's petition is attached hereto as Exhibit A.  Birch's suit arises from her dissatisfaction with the adjustment of an insurance claim she made under her homeowner's policy issued by Stillwater and handled by Jimmie Pospisil, an adjuster employed by Stillwater.

2.  On May 5, 2015, Stillwater was served with the State Court Action.  Exhibit A. Defendants file this notice of removal with the 30-day time period allowed by 28 U.S.C. section 1446(b).  *See Bd. Of Regents of Univ. of Tex. Sys. v. Nippon Te. & Tel. Corp.*, 478 F.3d 274, 278

---

[1] A mere five days earlier, on April 23, 2015, Joyce Birch sent Stillwater a demand letter, pursuant to Texas Business & Commerce Code sections 17.41 and 17.46 (the "DTPA").  Despite the statutory 60-day period granted a recipient of such a letter to evaluate the claim and respond, Birch chose to immediately file suit.  *See* DTPA § 17.505.  Significantly, in her DTPA demand letter, Birch demanded payment of $114,795.95, an amount placing this case within this Court's jurisdiction.  The demand letter is attached as Exhibit B.

(5th Cir. 2007).

3.     Stillwater Insurance Company filed a general denial in the State Court Action on May 26, 2015.  Defendant Jimmie Pospisil has not been served with citation in the State Court Action and has not filed an answer.  Mr. Pospisil consents to the removal to federal court.

4.     Defendants file this Notice of Removal pursuant to 28 U.S.C. section 1441(b), which permits removal based on diversity jurisdiction.  Section 1332 sets forth the factual predicates justifying the exercise of diversity jurisdiction.  Those requirements are:  (1) complete diversity of citizenship of all properly joined parties, and (2) an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(a).

## II.  BASIS FOR REMOVAL

### *Amount in Controversy Exceeds $75,000*

5.     The amount in controversy in this case at the time of removal, exclusive of interest and costs, exceeds $75,000.00.  Plaintiff's Original Petition asserts that Plaintiff's claims arise from wind and a hailstorm which caused significant damage to Plaintiff's property, located at 4886 Aspenwood Drive, San Antonio, Texas 78219 (the "Property").  *See* Exhibit A at p. 2.  In addition to the damage to the Property, Birch also seeks additional actual damages, policy benefits, consequential damages, treble damages under the DTPA, the 18% statutory penalty (pursuant to Chapter 542 of the Texas Insurance Code), exemplary damages, and attorneys' fees.  *See* Exhibit A at pp.18-19.  Plaintiff's Original Petition affirmatively states that the sum total of these damages are "*over $100,000 but not more than $200,000.*"  Exhibit A at pp.18-19 (emphasis added).

### *Diversity of Citizenship due to Improper Joinder*

6.     Removal based on diversity of citizenship may only be effectuated if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the

action is brought.  28 U.S.C. § 1441.  When an in-state defendant is improperly joined in a lawsuit for the sole purpose of defeating diversity jurisdiction and the plaintiff cannot establish a cause of action against the non-diverse defendant, his citizenship should be disregarded for purposes of determining diversity.

7.  According to Birch's Original Petition, she is a resident of Bexar County, Texas. *See* Exhibit A at p.1.  Plaintiff is, therefore, a citizen of the State of Texas.

8.  Defendant Stillwater is a California corporation with its principal place of business in Jacksonville, Florida.  Therefore, pursuant to 28 U.S.C. section 1332(c)(1), Stillwater is a citizen of the states of California and Florida.

9.  Defendant Pospisil is a resident of Texas.  Pospisil is, therefore, a citizen of the State of Texas.  Pospisil, however, has been improperly joined in this lawsuit.  Consequently, his citizenship should be disregarded.

10.  Here, Pospisil is an individual employed as an adjuster with Stillwater.  Pospisil took part in the adjustment of Birch's claim.  In her Original Petition, Birch asserts causes of action collectively against Stillwater and Pospisil for (i) violations of Texas Insurance Code, chapter 542, (ii) violations of the DTPA, (iii) unfair insurance practices, (iv) breach of good faith and fair dealing, (v) fraud, (vi) conspiracy, (vii) aiding and abetting, (viii) negligence and gross negligence, and (ix) negligent misrepresentation.[2]  Birch generally asserts that the conduct of "Defendants," collectively, gives rise to her claims, yet she fails to assert specific and actionable wrongdoing on behalf of Pospisil.  In fact, Birch's ten causes of action are the predictable boilerplate found in actions such as this when the sole material dispute is over the amount that insurer (Stillwater) paid

---

[2]  The only claim that Birch asserts that is not collectively against both Defendants, is her breach of contract claim asserted against only Stillwater.  Birch asserts no causes of action solely against Pospisil.

3

to its insured (Birch) based on an analysis of the claim and inspection of the actual damages. Given that Birch cannot point to any actionable conduct solely attributable to Pospisil, and not his employer, that caused Birch damages, naming Pospisil as a defendant has no purpose other than destroying diversity. Consequently, there is no reasonable possibility of recovery against Pospisil and, therefore, he has been improperly joined.

11. This Court has original jurisdiction over this action based on complete diversity, in that Stillwater is now, and was at the time this action was commenced, diverse in citizenship from Birch and is not a citizen of the State of Texas. Since Plaintiff Birch is a citizen of Texas and Stillwater is a citizen of California and Florida, diversity of citizenship exists among the properly joined parties.

### III. REMOVAL IS PROPER

12. Because there is complete diversity and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship, pursuant to 28 U.S.C. section 1332. As such, this removal action is proper.

13. Under 28 U.S.C. section 1441(a), venue of the removed action is proper in the United States District Court for the Western District of Texas, Austin Division, as the district and division embracing Bexar County, the county in which the State Court Action is now pending.

14. Defendants will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. section 1446(d).

15. Pursuant to 28 U.S.C. section 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the 73rd Judicial District Court of Bexar County, Texas, where the State Court Action is currently pending.

16. Plaintiff requested a jury trial in the State Court Action and represents that she has

paid the requisite jury fee.

17. A certified copy of the record from the State Court Action is attached as Exhibit C as required by 28 U.S.C. § 1446(a).

18. Moreover, copies of the following documents are hereby provided to the clerk for filing in connection with the Notice of Removal:

(1) Executed Process of Service on Stillwater Insurance Company (Exhibit "A");

(2) Pleadings asserting causes of action, *e.g.,* petitions, counterclaims, cross actions, third-party actions, interventions, and all answers to such pleadings (Exhibit "C");

(3) The docket sheet from the State Court Action (Exhibit "C");

WHEREFORE, Defendants respectfully request that the above-entitled action be removed from the 73rd Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, Austin Division.

Dated this 29th day of May, 2015.

Respectfully submitted,

**KING LAW GROUP, PLLC**

BY: */s/ Mary Ellen King*
Mary Ellen King
Texas State Bar No. 24067219
Richard C. King Jr.
Texas State Bar No. 24007491
Kimberly A. Bishop
Texas State Bar No. 24001742
28515 Ranch Road 12
Dripping Springs, Texas 78620
406 Sterzing Street, Suite 202
Austin, Texas
Phone: 512.263.8212
Fax: 512.900.2918
meking@kinglitigationgroup.com
rking@kinglitigationgroup.com
kbishop@kinglitigationgroup.com

*Attorneys for Defendants Stillwater Insurance*

*Company and Jimmie Pospisil*

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of Defendants' Notice of Removal has been forwarded via facsimile on this the 29th day of May, 2015 to:

Shelly L. Enyart
SPEIGHTS & WORRICH
1350 North Loop 1604 E., Suite. 104
San Antonio, Texas 78232
Telephone:  (210) 495-6789
Facsimile:  (210) 495-6790

*Attorneys for Plaintiff, Joyce Birch*

                          */s/ Mary Ellen King*
                          Attorney for Defendants