IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOYCE BIRCH, | § | CV NO. 5:15-cv-448-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| STILLWATER INSURANCE | § | |
| COMPANY and JIMMIE POSPISIL, | § | |
| | § | |
| Defendants. | § | |
| _____ | § | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is a Motion for Remand filed by Plaintiff Joyce Birch ("Plaintiff" or "Birch"). (Dkt. # 5.) The Court held a hearing on Plaintiff's Motion on August 31, 2015. At the hearing, Shelly Enyart, Esq., represented Plaintiff; Richard King, Mary Ellen King, and Kimberly Bishop, Esqs., represented Defendants Stillwater Insurance Company ("Stillwater") and Jimmie Pospisil ("Pospisil") (collectively, "Defendants"). Upon careful consideration of the arguments asserted in the supporting and opposing memoranda, as well as the arguments presented at the hearing, the Court **GRANTS** Plaintiff's Motion for Remand (Dkt. # 5).

BACKGROUND

The instant suit arises out of damage caused to Plaintiff's home during a February 14, 2015 wind and hailstorm that struck San Antonio, Texas. (Dkt. # 1-1 at 5–6.) Plaintiff's home was insured by Stillwater, and, following the storm, Plaintiff submitted a claim to Stillwater for roof and water damage that her home sustained during the storm. (Id. at 6.)

On March 10, 2015, Pospisil, who was an adjuster employed by Stillwater, inspected Plaintiff's home as part of his investigation of Plaintiff's claim. (Id. at 25.) Plaintiff alleges that Pospisil improperly adjusted Plaintiff's claim by failing to include many of her damages, disallowing funds to cover repair and restoration expenses, and reducing the number of shingles reported as damaged. (Id. at 7–8.) Ultimately, Plaintiff alleges that Defendants' failure to properly adjust the claim resulted in a failure to pay the full proceeds of Plaintiff's insurance policy and adequately settle the claim. (Id.)

On April 28, 2015, Plaintiff, a Texas citizen, filed suit in the 73rd District Court of Bexar County, Texas, alleging various state law claims against Stillwater, which is a Florida and California citizen, and Pospisil, who is a citizen of Texas. (Dkt. # 1-1 at 4–24.) Specifically, Plaintiff alleged a breach of contract claim against Stillwater; claims of negligence and gross negligence and negligent misrepresentation against Pospisil; and claims under §§ 541 and 542 of the Texas

Insurance Code and the Deceptive Trade Practices Act ("DTPA"), as well as breach of good faith and fair dealing, fraud, conspiracy, and aiding and abetting claims, against both Defendants.  (Id. at 11–18.)  Plaintiff seeks compensatory damages, consequential damages, additional damages under the DTPA and Texas Insurance Code, and exemplary damages.  (Id. at 5.)

On May 29, 2015, Defendants removed the action to federal court, invoking the Court's diversity jurisdiction.  (Dkt. # 1.)  On June 22, 2015, Plaintiff filed the instant Motion to Remand.  (Dkt. # 5.)  On June 29, Defendants filed their Response.  (Dkt. # 7.)  On August 6, 2015, Plaintiff filed an untimely Reply.  (Dkt. # 10.)

On August 12, 2015, after discovering that page five of the state court petition, which Plaintiff cited in her Motion to Remand, was missing, the Court ordered the page to be produced and granted Defendants additional time to file a supplement to their Response.  (Dkt. # 11.)  In accordance with the Court's Order, Plaintiff produced page five of the state court petition on August 17, 2015.  (Dkt. # 12.)  Defendants have not filed any supplemental Response.

LEGAL STANDARD

"It is axiomatic that the federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation."  Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996).  Accordingly, a

defendant may only remove a case over which the district court has original

jurisdiction, either because of diversity of citizenship or the existence of a federal

question.  28 U.S.C. § 1441(a); <u>Halmekangas v. State Farm Fire & Cas. Co.</u>, 603

F.3d 290, 295 (5th Cir. 2010).

On a motion to remand, the removing party bears the burden of

establishing that one of these bases of jurisdiction exists and that the removal was

not procedurally defective.  <u>BEPCO, L.P. v. Santa Fe Minerals, Inc.</u>, 675 F.3d 466,

470 (5th Cir. 2012); <u>Shearer v. Sw. Serv. Life Ins. Co.</u>, 516 F.3d 276, 278 (5th Cir.

2008).  Diversity jurisdiction exists where the amount in controversy exceeds

$75,000 and there is complete diversity of citizenship between the parties.  28

U.S.C. § 1332(a); <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996); <u>Harvey v.</u>

<u>Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1079 (5th Cir. 2008).

Because removal jurisdiction implicates federalism concerns, "[a]ny

doubts regarding whether removal jurisdiction is proper should be resolved against

federal jurisdiction."  <u>African Methodist Episcopal Church v. Lucien</u>, 756 F.3d

788, 793 (5th Cir. 2014) (internal quotation marks omitted) (quoting <u>Acuna v.</u>

<u>Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000)); <u>Frank v. Bear Stearns &</u>

<u>Co.</u>, 128 F.3d 919, 922 (5th Cir. 1997).

<u>DISCUSSION</u>

Plaintiff argues that the Court must remand the case to state court because complete diversity of citizenship between the parties is lacking and Defendants cannot establish improper joinder of Pospisil.  (Dkt. # 5 at 1.) Specifically, Plaintiff argues that she has alleged a valid cause of action against Pospisil under § 541 of the Texas Insurance Code, that Pospisil has therefore been properly joined, and that his citizenship destroys complete diversity.  (<u>Id.</u> at 4–7.) Defendants counter that there are no properly pled allegations supporting a cause of action against Pospisil, and therefore, the improper joinder exception to complete diversity applies.  (Dkt. # 7 at 4–9.)

I.    <u>Improper Joinder Standard</u>

There are "two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  <u>Smallwood v. Ill. Cent. R. Co.</u>, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).  Only the second of the two methods are before the Court in the instant case.

To resolve whether the plaintiff is able to establish a cause of action against the non-diverse defendant, a court must typically conduct a Rule

12(b)(6)-type analysis.[1]  Id.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

II.    Whether Pospisil Has Been Fraudulently Joined

Section 541 prohibits a person, as defined in the statue, from engaging in a trade practice considered an unfair or deceptive act in the business of insurance.  Tex. Ins. Code § 541.003.  An insurer's employee who engages in the business of insurance—such as an insurance adjuster—is a "'person' for purposes of [§ 541] and thus may be held liable individually for a violation of that [section]."  Gasch v. Hartford Acc. & Indem. Co, 491 F.3d 278, 282 (5th Cir. 2007) ("Texas law clearly authorizes [§ 541] actions against insurance adjusters in their individual capacities")[2]; Tex. Ins. Code § 541.002(2) (emphasis added).  This

---

[1] In a very limited category of cases where "a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court "may, in its discretion, pierce the pleadings and conduct a summary inquiry."  Smallwood, 385 F.3d at 573.  Defendants do not argue for said review, so the Court limits its review to a 12(b)(6)-type review in this case.

[2] Although Gasch was decided in 2007, after the Texas Insurance Code was amended during the 78th Legislative session, it dealt with events that occurred before the amendments and therefore referenced the pre-amendment version of

is true of both independent agents and individuals employed directly by insurance

companies.  Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482,

485 (Tex. 1998).[3]

        To properly join an adjuster on a § 541 claim, a plaintiff must allege

facts showing that the adjuster, as an individual, committed a violation under §

541.  Hornbucklev. State Farm Lloyds, 385 F.3d 538, 544 (5th Cir. 2004).  The

parties do not dispute that, as an insurance adjuster, Pospisil could be liable under

§ 541.  Instead, they dispute whether the factual allegations regarding Pospisil's

conduct give rise to a claim.

---

§ 541, which appeared in Article 21.21.  Because the amendments were
"nonsubstantive" and intended only to "reclassify[] and rearrang[e] the statutes in a
more logical order" and remove duplicative and invalid sections, Texas Bill
Analysis, H.B. 2922, 78th Leg., Reg. Sess. (Tex. 2003), the law interpreting the
corresponding portions of Article 21.21 remains applicable.  See Gasch v. Hartford
Acc. & Indem. Co, 491 F.3d 278, 280 n.2 (5th Cir. 2007) ("[T]he legal standards
have not changed"); Farmers Grp., Inc. v. Lubin, 222 S.W.3d 417, 422 n.11 (Tex.
2007) ("[N]o material changes were made in the [relevant] provisions.").

[3] In deciding this issue, the Court in Liberty Mutual explained its reasoning as
follows:

> Liberty and Garrett maintain that some individuals, such as
> independent agents and brokers, are "persons" under [§ 541], while
> individuals who are employed by insurance companies are not. If we
> were to accept that view, however, it would create anomalous results.
> An independent agent would be subject to suit under [§ 541] . . . for
> misrepresenting a policy's terms, while an employee-agent would not.
> That result is contrary to the Legislature's intent to comprehensively
> regulate and prohibit deceptive insurance practices.

Garrison Contractors, 966 S.W.2d at 486.

7

Here, Plaintiff has made the following factual allegations with respect

to Pospisil:

(1) "Pospisil was the agent for Stillwater and represented Stillwater in regard to Plaintiff's claim."  (Dkt. # 1-1 at 6.)

(2) "Pospisil . . . adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim." (Id.)

(3) "Pospisil improperly adjusted the Plaintiff's claim.  Defendant Pospisil conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages.  His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home.  Without limitation, Pospisil misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Pospisil made this and other misrepresentations to Plaintiff as well as to Stillwater.  Plaintiff and Stillwater both relied on Pospisil's misrepresentations, including but not limited those regarding the cause of scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance."  (Id.)

(4) "Pospisil's misrepresentations caused Stillwater to underpay Plaintiff on her insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property.  This has caused additional, further damage to Plaintiff's property."  (Id.)

(5) "Pospisil . . . advised Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property.  This advice was negligent and false because it turns out Plaintiff could not properly repair her Property and prevent future damage by following Pospisil's advice. Plaintiff's Property has sustained further damages as a result."  (Id.)

(6) "Stillwater and Pospisil misrepresented that the damages caused by the wind and hailstorm were below the policy deductible.  However, Defendants' representations were false because Plaintiff's wind and hailstorm damages

exceed[ed] $33,000.00 and were caused by a covered occurrence." (<u>Id.</u> at 7.)

(7) "Stillwater and Pospisil knowingly disregarded their own property inspection report by misrepresenting that only seven (7) shingles were damaged, when in fact they had already acknowledged that more than 25% of the shingles on Plaintiff's roof were lifted from wind." (<u>Id.</u>)

(8) "Stillwater and Pospisil failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation." (Dkt. # 12-2, Ex. B at 1.)

In sum, the crux of Plaintiff's allegations against Pospisil is that, following the inspection, Pospisil failed to properly document all of Plaintiff's damages, including misrepresenting the shingle damage to Plaintiff's roof, which affected his estimate of the claim and the benefits that Stillwater ultimately paid out to Plaintiff. Defendants are correct that a plaintiff must raise specific factual allegations that, if true, give rise to claims against an insurer and its agent individually. However, they are incorrect that Plaintiff has failed to do so in this case. Plaintiff makes factual allegations that specifically identify conduct that can give rise to liability under § 541. Taken in the light most favorable to Plaintiff, these allegations are sufficient to state a claim under § 541 against Pospisil. <u>See Mayorga v. Gov't Employees Ins. Co. (Geico)</u>, No. CIV.A. C-09-339, 2010 WL 300350, at *2–4 (S.D. Tex. Jan. 20, 2010) (granting remand in light of similar factual allegations and collecting cases).

Defendants assert additional arguments regarding the adequacy of the other claims that Plaintiff has raised against Pospisil in her Petition.  (Dkt. # 7 at 7–9.)  However, because there is a live claim against Pospisil, he has not been fraudulently joined and the case must be remanded.  A motion to dismiss in state court is the proper vehicle to raise the facial inadequacy of the remaining claims.

<u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand (Dkt. # 5) and **REMANDS** the case to state court.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, September 1, 2015.

_____
David Alan Ezra
Senior United States Distict Judge